## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS MEDINA, )<br>20 Calle Antonio R. Barcelo )<br>Cayey, Puerto Rico 0073 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONAL GUARD BUREAU )<br>111 South George Mason Drive )<br>Arlington, VA 22204, )<br>)<br>and )<br>)<br>DEPARTMENT OF THE AIR FORCE )<br>1670 Air Force Pentagon )<br>Washington, DC 20330-1670, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. |

## COMPLAINT

Plaintiff Thomas Medina (hereinafter "Plaintiff") brings this action against the National Guard Bureau (hereinafter NGB or "Defendant One") and the Department of the Air Force (hereinafter "Air Force" or "Defendant Two") (collectively "Defendants") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq., and the Privacy Act ("PA"), 5 U.S.C. § 552a, et. seq. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g), and 28 U.S.C. §1331.

2.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff is an adult male residing in Puerto Rico who served in the Puerto Rico

Air National Guard.

4.      Defendants are agencies within the meaning of 5 U.S.C. § 552(f) and are in

possession and/or control of the records requested by Plaintiff that are the subject of this action.

## STATEMENT OF FACTS

5.      In 2019, as a Lieutenant Colonel (Lt Col) in the Puerto Rico Air National Guard,

Plaintiff was subject to involuntary removal pursuant to a recommendation by the Selective

Retention Review Board (SRRB). Plaintiff disputes the validity of, and rationale for, his

involuntary removal, which in part was based on a biased Inspector General and Equal

Opportunity investigations.

6.      Accordingly, on December 19, 2019, in an effort to review the investigations and

other correspondence related to his untimely and wrongful discharge, Plaintiff submitted requests

under both the Privacy Act and FOIA to both the NGB and the Air Force. Plaintiff specifically

requested the following:

> (1) A complete copy of all Inspector General (IG) and Equal Opportunity (EO)
> reports of investigation compiled in which Lt Col Medina is listed as a
> subject.
>
> (2) Correspondence to Lt Col Medina regarding the investigation, to include, but
> not limited to, correspondence regarding the initiation of the investigation(s);
> correspondence regarding an interview of Lt Col Medina, if such interview
> occurred; correspondence regarding the initial findings and the opportunity to
> respond; correspondence regarding the final report with the findings and
> recommendations; and correspondence regarding Lt Col Medina of his right to
> appeal. If not such correspondence exists, then please indicate so in the
> response letter.
>
> (3) All correspondence regarding promotion packages (to Colonel) submitted by
> Lt Col Medina in or about March 2017 and September 2017. Communication
> should include *any* communication between PRANG and the National Guard

2

Bureau (NGB) regarding the submission of the package and the package being stayed pending completion of any IG/EO investigation in which Lt Col Medina is listed as the subject. "Correspondence" means all forms of written correspondence, including official and unofficial memorandums and electronic mail.

(4) All correspondence regarding the Selective Retention Review Board (SRRB) which reviewed Lt Col Medina for separation. *See* Encl. (3).This includes any notice sent to Lt Col Medina regarding his placement on, and consideration by, the Board; the full record reviewed by the Board; any precept or memorandum directing the Board on which criteria to consider in its review; all correspondence regarding the Board's findings and recommendations; all correspondence between PRANG and NGB regarding Lt Col Medina's placement on, and consideration by, the Board; and any correspondence or memorandum notifying Lt Col Medina of the Board's recommendation for removal from the Air National Guard.

(5) A copy of ANGI 36-3, or any other regulation or instruction controlling the EO complaint and investigation process in the Air National Guard.

(6) A copy of any regulation regarding the promotion process for officers in the Air National Guard, including any regulation which states restrictions placed on promotion packages when the individual is the subject of an IG or EO complaint, and how packages are handled during such instances.

(7) A copy of any documents obtained during the course of the IG inquiry made in enclosure (2) by the Department of the Air Force IG, as well as any correspondence regarding the request for said documents or the delivery of said documents, as well as any correspondence to, form, amongst, and between any investigator(s) and witnesses, and any correspondence regarding a decision to dismiss the IG complain, to include any approval of dismissal by the Department of Defense IG. Such correspondence includes email and written correspondence, such as memorandums.

(8) Email correspondence in which the following individuals are on the "To," "From," or "CC" line, which was sent between 1 January 2015 through the date of this filing:

    a. Brig Gen Wayne Zimmet
    b. Big Gen Rafael Carrero Feliciano
    c. Gen Isabelo Rivera
    d. Col Ruben Fernandez
    e. Maj Diana Pena
    f. Col Edwin Rivera Angel
    g. CMSgt Grace Romero
    h. Col Ileana Ramirez Perez

       i.   Brig Gen Edward Vaughan
       j.   Col Raymond Figueroa
       k.  Col Humberto Pabon
       l.   Col Norman Hepner
       m. Col Peter M. Boone
       n.  Brig Gen Travis K. Acheson
       o.  Brig Gen Paul N. Loiselle
       p.  Col Victor A. Torano
       q.  Col Jose Ruiz Quinones
       r.   Lt Col Victor De Jesus
       s.   Lt Col Nestor Barreto
       t.   MSgt Mari Olga Rivera
       u.  Lt Col Cesar Pineiro Caballero
       v.  Maj Frances Romero Torres
       w. Lt Col Daniel Lopez Gonzalez

To pair down the number of emails, the following search terms are recommended:

       a.  Group Commander
       b.  Medical Commander
       c.  EO
       d.  Promotion package
       e.  IG / IG complaint / IG investigation
       f.   MEB
       g.  Retention Board
       h.  Selective Retention Review Board
       i.   SRRB
       j.   Medical Group Commander Application
       k.  Lt Col Thomas Medina / Lt Col Medina / LTC Medina / Thomas / Medina

7.      The NGB responded on January 16, 2020, and informed Plaintiff that items 1 and 7 were under the control of the Air Force; however, the request was not transferred since the same request was simultaneously sent to the Air Force. Items 5 and 6 were noted to be publicly available (despite Plaintiff's inability to access or locate any public filing, and hence the need for the request). Finally, items 2-4 and 8 were deemed under the control of the NGB and were placed as position #275 in the queue with an estimated completion date of December 31, 2022.

8.      After more than ten months, Plaintiff has yet to receive a response from the Air Force.

<u>DEFENDANT ONE</u>

9.      Pursuant to 5 U.S.C. § 552(a)(6)(i), NGB was required to make a determination with respect to Plaintiff's FOIA request within twenty (20) working days of receipt of the request.

10.      In its response to Plaintiff dated January 16, 2020, NGB responded to Plaintiff's FOIA request with an estimated completion date of December 31, 2022, three years after the initial request was filed.

11.      The NGB's rationale for the delay is the result of a predictable workload; such rationale does not constitute "exceptional circumstances." Accordingly, Plaintiff's request is deemed to have been constructively denied, and Plaintiff is deemed to have exhausted any and all administrative remedies; he now seeks judicial review of the requested documents.

<u>DEFENDANT TWO</u>

12.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Air Force was required to make a determination with respect to Plaintiff's FOIA request within twenty (20) working days of receipt of the request.

13.      Plaintiff submitted his FOIA request to the Air Force on December 19, 2019, requesting the exact same documents described above.

14.      After more than ten months, Plaintiff has yet to receive a final decision from the Air Force concerning his FOIA request.

15.      As of the date of this complaint, the Air Force has failed to: (i) make any determination regarding Plaintiff's request; (ii) notify Plaintiff of such determination and the reasons therefore; or (iii) advise Plaintiff of the right to seek judicial review should the adverse determination be upheld.

16.     Because the Air Force has failed to comply with the time limit set forth in 5 U.S.C

§ 552(a)(6)(A), Plaintiff has exhausted any and all administrative remedies pursuant to 5 U.S.C.

§ 552(a)(6)(C) and now seeks judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

17.     Plaintiff incorporates paragraphs 5 – 16 as if fully stated herein.

18.     Defendants are unlawfully withholding records as requested by Plaintiff in

violation of 5 U.S.C. § 552(a)(3) by, *inter alia*, seeking to withhold information without making

reasonable effort to make the records promptly available to Plaintiff and without providing

justification for failure to comply with the requirement.

19.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful

withholding of records responsive to Plaintiff's FOIA Request, records which would provide

Plaintiff critical information pertaining to his separation; Plaintiff will continue to be irreparably

harmed in his career unless Defendants are compelled to conform their conduct to the

requirements of the law.

## COUNT II
### Violation of Privacy Act, 5 U.S.C. § 552a
### Unlawful Withholding of Non-Exempt Documents

20.     Plaintiff incorporates paragraphs 5 – 16 as if fully stated herein.

21.     Plaintiff submitted a proper request for his records under 5 U.S.C. § 552a(d)(1).

22.     Defendants have failed to permit Plaintiff to review the records and have a copy

made of all or any portion thereof in a form comprehensible to Plaintiff pursuant to 5. U.S.C. §

552a(d).

23.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of records responsive to Plaintiff's Privacy Act Request, records which would provide Plaintiff critical information pertaining to his separation; Plaintiff will continue to be irreparably harmed in his career unless Defendants are compelled to conform their conduct to the requirements of the law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA and Privacy Act requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records pursuant to Plaintiff's FOIA and Privacy Act requests; (3) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (4) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 3, 2020

Respectfully submitted,

Eric S. Montalvo, DC Bar No. 993206
FEDERAL PRACTICE GROUP
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: 202-862-4360
emontalvo@fedpractice.com

*Counsel for Plaintiff*